## North American Mercantile Co. *v.* United States

No. 8072.—

Entry No. 6901.

(Decided January 7, 1952)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Charles J. Wagner,* Acting Assistant Attorney General, for the defendant.

Oliver, Chief Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated as follows between counsel for plaintiff and the Assistant Attorney General for the United States, concerning the merchandise referred to herein:

(1) That this stipulation is limited to so much of said merchandise as is described in the invoice as clams in 5-ounce cans or tins, such items being marked A and initialed by Examiner Z. S. Brown, and said article being appraised on the basis of the American selling price in accordance with the Presidential proclamation published in TD 47031.

(2) That such merchandise is the same in all material respects as the imported clams involved in United States v. Mutual Supply Co. et al. and Mutual Supply Co. et al. v. United States, Reap. Dec. 5950, and that the issues herein are the same in all material respects as the issues involved in said decision.

(3) That upon the dates of exportation to the United States of the merchandise covered by this appeal, like or similar merchandise manufactured or produced in the United States was being freely offered for sale and sold to all purchasers in the principal market of the United States in the ordinary course of trade and in the usual wholesale quantities, including all containers and coverings and all costs, charges, and expenses incident to placing the merchandise in condition packed ready for delivery, at the following prices per dozen cans or tins, less a cash discount of 1½ per centum:

5-ounce size: March 16, 1941, to June 30, 1941_____ $1.05

(4) That the record in said Reap. Dec. 5950 may be incorporated herein and that upon this stipulation the appeal may be deemed submitted, it being limited to the items marked A on the invoice and abandoned as to all other merchandise.

On the agreed facts I find the American selling price, as that value is defined in section 402 (g) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, to be the proper basis for the determination of the value of the merchandise described in the invoice as clams in 5-ounce cans or tins, which were appraised on the basis of the American selling price in accordance with the Presidential proclamation published in T. D. 47031, and which items are marked A and initialed by examiner Z. S. Brown, and that such value was $1.05 per dozen cans or tins, less 1½ per centum cash discount.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is dismissed.

Judgment will be rendered accordingly.